IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Melanie M. Martin,<br><br>               Plaintiff,<br><br>   v.<br><br>Port Authority Transit Corporation and Brahman B. Levy,<br><br>              Defendants. | Civil No. 09-cv-3165-NHL-JS<br><br>OPINION |

**APPEARANCES**:

George R. Szymanski, Esq.
Law Offices of George R. Szymanski
1370 Chews Landing Road
Laurel Springs, New Jersey 08021
*Attorney for Plaintiff*

William M. Tambussi, Esq.
Christopher A. Orlando, Esq.
Brown & Connery, LLP
360 Haddon Avenue
Westmont, New Jersey 08108
*Attorneys for Defendant Port Authority Transit Corporation*

Caitlin J. Goodrich, Esq.
Paul C. Troy, Esq.
Kane, Pugh, Knoell, Troy & Kramer, LLP
510 Swede Street
Norristown, PA 19401
*Attorneys for Defendant Brahman B. Levy*

**HILLMAN**, District Judge:

    This matter comes before the Court on the motions of Defendant Port Authority Transit Corporation ("PATCO") and Defendant Doctor Brahman B. Levy ("Dr. Levy") to dismiss

1

Plaintiff, Melanie M. Martin's, Complaint.  For the reasons expressed below, both motions to dismiss will be granted and Plaintiff's Complaint will be dismissed.

## BACKGROUND

Plaintiff is a female who applied for a train operator position with PATCO in January 2006.[1]  PATCO's main business offices are located in Camden, New Jersey and Lindenwold, New Jersey.  Shortly after applying for a position with PATCO, she began its three stage employment selection process, which consisted of four written proficiency exams (Phase I); a physical agility test (Phase II); and an oral interview (Phase III).  In July 2006, Plaintiff received a phone call from Denise Andrews, PATCO's Human Resources Services Administrator, who offered Plaintiff a train operator position.  During this conversation, Plaintiff disclosed to Ms. Andrews that she was eight months pregnant.  In response, Ms. Andrews agreed to hold Plaintiff's job offer open until the next training period.  On September 11, 2006, Plaintiff contacted Ms. Andrews to inform her that she was medically cleared to return to work by October 18, 2006.  Ms. Andrews told Plaintiff that there was no new training class scheduled, but she would continue to hold Plaintiff's job offer

---

[1] Given that the present matter comes before the Court by way of defendants' Motion to Dismiss, plaintiff's allegations are accepted as true and viewed in a light most favorable to plaintiff, as is required when reviewing a motion to dismiss. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

2

open.  Thereafter, in April 2007, Ms. Andrews contacted Plaintiff telling her she would begin her new job on June 4, 2007.

On May 14, 2007, Plaintiff was sent to Stratford, New Jersey for a medical examination with Dr. Brahman B. Levy, whom Plaintiff alleges is an employee or agent of PATCO.  Plaintiff alleges that Dr. Levy told her that she was medically fine, except for her weight, and proceeded to question her as to how she received a job offer from PATCO, as several people he knew had not been successful in obtaining a position.  Plaintiff also alleges that Dr. Levy's medical examination mainly consisted of the doctor pressing her stomach.

The day after Plaintiff's medical examination with Dr. Levy, she was informed that she had passed the substance abuse exam, but was asked to attend a second agility test at PATCO's offices at the Lindenwold High Speed Line.  Plaintiff alleges that it is highly unusual for a prospective PATCO job applicant to be required attend a second physical agility test.  Dr. Levy was among those present at Plaintiff's second agility test.  Plaintiff alleges that Ms. Andrews told her that physicians generally never attend agility tests.  Subsequently, on June 1, 2007, Plaintiff received a letter from Kelly Forbes, Director of Human Resource Services for PATCO, explaining that her offer of employment with PATCO has been withdrawn based on her medical examination with Dr. Levy.

Plaintiff alleges that after Denise Andrews told Plaintiff that she would hold Plaintiff's job offer open on September 11, 2006, Plaintiff refrained from seeking a good-paying, career-oriented job based upon the expectation that she would soon start working for PATCO.  Additionally, Plaintiff alleges that she "believes" she could have returned to her former job at the Sony Plant in Pitman, New Jersey, but in fairness to Sony, did not pursue this opportunity because she expected to be working for PATCO "very soon."

Plaintiff filed her Complaint in this matter against PATCO and Dr. Levy in the Superior Court of New Jersey-Law Division, Camden County, on May 12, 2009.  Defendants filed a notice of removal to this Court on June 26, 2009.  Defendants now move to dismiss the complaint.

## DISCUSSION

**A.   Jurisdiction**

This Court has jurisdiction over Plaintiff's discrimination and conspiracy claims under 28 U.S.C. § 1331, see Cuyler v. Adams, 449 U.S. 433, 438 (1981) ("The construction of a bi-state compact that has been consented to by Congress pursuant to the Compact Clause presents a federal question."), and supplemental jurisdiction over Plaintiff's breach of contract/promissory estoppel claims under 28 U.S.C. § 1367.

**B.     Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atlantic v. Twombly, 550 U.S. 544, 562 n.8 (2007) (quoting

Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

**C.   Analysis**

Plaintiff asserts in her Complaint that PATCO violated the New Jersey Law Against Discrimination ("NJLAD"), N.J. STAT. ANN. § 10:5-1, et seq., when it withdrew her offer of employment (Count I).  Plaintiff also asserts claims for breach of contract and promissory estoppel, based on PATCO's withdrawal of her job offer

6

(Count II).  Finally, Plaintiff asserts that Dr. Levy aided, abetted, and conspired with PATCO to deny Plaintiff employment in violation of the NJLAD (Count III).  For the reasons explained below, all three counts of Plaintiff's Complaint must be dismissed.

### 1. NJLAD Discrimination

Defendants assert that Plaintiff's NJLAD claim fails as a matter of law because the NJLAD does not apply to PATCO.  PATCO is a wholly owned subsidiary of the Delaware River Port Authority ("DRPA"), see N.J. STAT. ANN. § 32:3-13.42(7)(b), which is itself a bi-state agency of the State of New Jersey and Commonwealth of Pennsylvania, see Pub. Res. 26, ch. 258, 47 Stat. 308 (1932).  Such bi-state entities are not "extensions of each compacting state's authority," but rather a surrender by each state of a portion of sovereignty to the compact entity to "better serve the regional interest."  Int'l Union of Operating Eng'rs, Local 542 v. Del. River Joint Toll Bridge Comm'n ("Local 542"), 311 F.3d 273, 276 (3d Cir. 2002).  "Such a surrender of state sovereignty should be treated with great care, and the Supreme Court has stated that courts should not find a surrender unless it has been 'expressed in terms too plain to be mistaken.'"  Id. (quoting Jefferson Branch Bank v. Skelly, 66 U.S. 436, 446 (1861)); see also Spence-Parker v. Del. River & Bay Auth., 616 F. Supp. 2d 509, 516-17 (D.N.J. 2009); Del. River Port Auth. v. Fraternal

Order of Police, 135 F. Supp. 2d 596, 604-05 (E.D. Pa. 2001), rev'd on other grounds, 290 F.3d 567 (3d Cir. 2002).

To determine the nature of a state's surrender, courts must look to the terms of the compact agreement governing the entity, which is a "contract[] subject to the principles of contract law." Doe v. Pa. Bd. of Probation & Parole, 513 F.3d 95, 105 (3d Cir. 2008).  In so doing, courts must be careful to "not read into it language or intent that is simply not there." Local 542, 311 F.3d at 280.  Bi-state compacts must be interpreted "to strictly construe surrenders of [state] sovereignty." Id.  The construction of a bi-state compact is "a question of federal law." Id. at 279 n.4; see also Cuyler v. Adams, 449 U.S. 433, 442 (1981).

The DRPA Compact provides for, in relevant part, the authority:

    (b) To sue and be sued.

    (e) To appoint, hire, or employ . . . agents and employees as it may require for the performance of its duties, by contract or otherwise, and fix and determine their qualifications, duties and compensation . . . .

    (f) To enter into Contracts.

N.J. STAT. ANN. § 32:3-5; PA. STAT. ANN. tit. 36, § 3503. Additionally, the Compact provides that "[t]he commission shall also have such additional powers as may hereafter be delegated to

8

or imposed upon it from time to time by the action of either State *concurred in* by legislation of the other." Id. (emphasis added). The DRPA Compact is silent as to whether the employment laws of New Jersey or Pennsylvania govern its relations with employees.

The issues thus turn on whether New Jersey has amended the DRPA Compact through legislation "concurred in" by Pennsylvania. See N.J. STAT. ANN. § 32:3-5. In order for such an amendment to be viable, the New Jersey legislation must contain the express intent that it apply to the DRPA, and Pennsylvania must likewise provide its express intent to allow the legislation to govern the DRPA. See Local 542, 311 F.3d at 281; Spence-Parker, 516 F. Supp. 2d at 521; Evans v. Port Auth. Trans-Hudson Corp., No. 99-5901, 2003 WL 25749089, at *20 (D.N.J. July 1, 2003); Fraternal Order of Police, 135 F. Supp. 2d at 604-05. In this case, neither New Jersey's, nor Pennsylvania's anti-discrimination laws appear to mention the DRPA. In the absence of any express statement that the States intended the NJLAD to apply to the DRPA, Plaintiff's claim must fail.

Plaintiff argues that the NJLAD should apply in this case because both New Jersey and Pennsylvania have passed anti-discrimination laws that are allegedly complementary and parallel. See N.J. STAT. ANN. § 10:5-1, et seq.; 43 PA. STAT. ANN.

9

§ 951, et seq. In doing so, Plaintiff relies on the Supreme Court of New Jersey's holding in Int'l Union of Operating Eng'rs, Local 68 v. Del. River & Bay Auth. ("Local 68"), 688 A.2d 569, 575 (N.J. 1997). However, this argument is of no avail. The Third Circuit found in Local 542 that the "New Jersey complementary or parallel standard appears to be based on a misinterpretation of compact law."[2]  Local 542, 311 F.3d at 280-81; see also Fraternal Order of Police, 135 F. Supp. 2d at 604-05, 609. Accordingly, the New Jersey complementary and parallel standard no longer appears to be good law in this Circuit. See Spence-Park, 516 F. Supp. 2d at 521.

Moreover, even if the Court were to conclude that the New Jersey complementary or parallel standard was still good law, the anti-discrimination laws of the states are not sufficiently complementary or parallel to allow the Court to conclude that Pennsylvania would "concur in" the application of the NJLAD to PATCO. There are significant differences between the NJLAD and the Pennsylvania Human Relations Act ("PHRA"). For example, the

---

[2] The Third Circuit found that the Supreme Court of New Jersey in Local 68 and Bunk v. Port Auth. of N.Y. & N.J., 676 A.2d 118 (N.J. 1996), incorrectly interpreted the two cases they relied on, Eastern Paralyzed Veterans Ass'n, Inc. v. Camden, 545 A.2d 127 (N.J. 1988) and Nardi v. Del. River Port Auth., 490 A.2d 949 (Pa. 1985), to articulate the complementary and parallel test. The Third Circuit found that Eastern Paralyzed and Nardi "lend further support to the New York express intent test," which it adopted. Local 542, 311 F.3d at 280-81 (citing Nardi, 490 A.2d at 950-51 and Eastern Paralyzed, 545 A.2d at 133-34).

10

NJLAD does not require an exhaustion of administrative remedies before brining suit, whereas the PHRA does.  Compare N.J. Stat. Ann. § 10:5-13 with 43 Pa. Stat. Ann. § 962(b).  The NJLAD also allows for punitive damages whereas the PHRA does not.  Compare N.J. Stat. Ann. § 10:5-3 with Hoy v. Angelone, 720 A.2d 745, 752 (Pa. 1998) and 43 Pa. Stat. Ann. § 962(c)(3).  Finally, the NJLAD specifically allows for jury trials whereas the PHRA does not.  Compare N.J. Stat. Ann. § 10:5-13 with Wertz v. Chapman Twp., 741 A.2d 1272, 1279 (Pa. 1999) and 43 Pa. Stat. Ann. §§ 951-962.2.  These are not insignificant differences.  See Pilla v. Del. River Port Auth., No. 98-5723, 1999 WL 345918, at *4 (E.D. Pa. 1999) (dismissing PHRA claim against DRPA because it is not substantially similar to the NJLAD).  Accordingly, this Court finds, even assuming that the complementary or parallel standard were still good law, that Plaintiff's NJLAD claim must be dismissed.

    Plaintiff also argues that PATCO impliedly consented to New Jersey's jurisdiction.  In so arguing, Plaintiff relies on Local 68 for the proposition that "a bi-state agency consents to a single creator state's exercise of jurisdiction when the agency either voluntarily cooperates with the creator state in the exercise of jurisdiction or agrees to meet the requirements of the law of that state."  688 A.2d at 575.  However, "[p]rinciples of federalism . . . caution against inferring an intent to amend

11

. . . [because a] bi-state entity, created by compact, is 'not subject to the unilateral control of any one of the States that compose the federal system.'" Local 542, 311 F.3d at 280 (internal citation omitted); see also Spence-Parker, 616 F. Supp. 2d at 516-17. Moreover, Plaintiff's only support for this argument is that PATCO has a number of train stations and a business office in New Jersey. Such connections, however, are in no way a sign of consent by PATCO, a bi-state entity, to New Jersey's laws. Indeed, PATCO also maintains numerous train stops in Pennsylvania. Accordingly, this argument is unavailing.

### 2. Breach of Contract and Promissory Estoppel

Plaintiff alleges that PATCO's offer of a job to her created a binding oral contract, which it breached by rescinding the offer. Alternatively, Plaintiff seems to argue that PATCO's withdrawal of her offer created a claim for promissory estoppel. The Court will address each of these theories in turn.[3]

---

[3] Although the issues have not been disputed by the parties, the Court notes that PATCO is subject to such claims under the terms of the DRPA Compact, N.J. STAT. ANN. § 32:3-5(b), (e)-(f); PA. STAT. ANN. tit. 36, § 3503, art. IV(b); see also Spence-Parker v. Del. River & Bay Auth., 616 F. Supp. 2d 509, 521-22 (D.N.J. 2009), and that these claims are governed by New Jersey law, See Spence-Parker, 616 F. Supp. 2d at 253 (applying the forum state's choice-of-law rules to a contract claim against a bi-state compact).

### a.     Breach of Contract

An oral contract may be enforceable if the parties specifically and definitely express an intent to make such a contract, and the parties provide sufficient consideration "separate and apart" from the willingness to work.  Obendorfer v. Gitano Group, 838 F. Supp. 950, 953 (D.N.J. 1993).  Plaintiff alleges that she provided consideration by foregoing the opportunity to pursue other employment.  However, such a forbearance is simply insufficient as a matter of law to constitute valid consideration.  See Shebar v. Sanyo Sys. Bus. Corp., 544 A.2d 377 (N.J. 1988).  Accordingly, in the absence of an express contract, PATCO's offer was for nothing more than at-will employment.  See Lindsey v. M.A. Zeccola & Sons, Inc., 26 F.3d 1236, 1241 (3d Cir. 1994) (finding that a contract for employment, "unless otherwise expressly stated, is at-will in nature").

"As a general rule under the employment-at-will doctrine, an employer may fire an employee for good cause, bad cause or no cause at all."  Swider v. Ha-Lo Indus., Inc., 134 F. Supp. 2d 607, 617 (D.N.J. 2001).  PATCO was therefore free to rescind Plaintiff's offer or terminate her employment at-will.  Thus,

Plaintiff's breach of contract claim must be dismissed.[4]

### b. Promissory Estoppel

In order to establish a claim under a theory of promissory estoppel, a plaintiff must establish that: "(1) there was a clear and definite promise; (2) the promise was made with the expectation that the promisee would rely upon it; (3) the promisee reasonably did rely on the promise; and (4) incurred a detriment in said reliance." Swider, 134 F. Supp. 2d at 619 (internal citation omitted). Here Plaintiff does not allege that she suffered a clear detriment in reliance on PATCO's promise of future employment. Plaintiff only alleges that she forwent the chance to pursue alternative jobs without making PATCO aware of her decisions. However, this is insufficient as a matter of law to support a claim for promissory estoppel. See Swider, 134 F. Supp. 2d at 620 (holding that plaintiff's passing up another job offer in reliance upon an offer from defendant is inadequate to recover under a theory of promissory estoppel). Accordingly, Plaintiff's claim for promissory estoppel must be dismissed.

### 3. Conspiracy to Violate the NJLAD

Plaintiff alleges in her Complaint that Dr. Levy aided and

---

[4] To the extent Plaintiff also alleged a claim for a breach of the implied covenant of good faith and fair dealing, this claim is dismissed, as such a covenant may not arise "absent an express or implied contract." Wade v. Kessler, 798 A.2d 1251, 1262 (N.J. 2002).

14

abetted PATCO, conspiring with it to deny her employment in violation of the NJLAD.  However, as set forth above, the NJLAD does not apply to the PATCO.  Since the key component of a civil conspiracy "requires a combination of two or more persons acting in concert to commit an unlawful act," and it is not unlawful for PATCO to violate the NJLAD, Dr. Levy could not have conspired with, or otherwise agreed to assist PATCO, in such an endeavor.  See Banco Popular N. Am. v. Gandi, 876 A.2d 253, 263 (N.J. 2005)(focus of conspiracy claim is the underlying wrong)(citing Morgan v. Union County Bd. of Chosen Freeholders, 633 A.2d 985, 998 (N.J. Super. Ct. App. Div. 1993)); see also Scully v. US WATS, Inc., 238 F.3d 497, 516 (3d Cir. 2001)(at least two parties must agree to the same unlawful purpose) (applying Pennsylvania law).  Accordingly, Plaintiff's claims against PATCO and Dr. Levy for conspiring to violate the NJLAD must be dismissed.

## CONCLUSION

For the reasons expressed above, both Defendants' Motions to Dismiss will be granted and Plaintiff's Complaint dismissed.  An appropriate order shall be issued.

Date: March 25, 2010              s/ Noel L. Hillman
                                  HON. NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey